UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL GRESHAM,

                Plaintiff,                Case No. 1:15-cv-1065

v.                                          Honorable Paul L. Maloney

UNKNOWN WOODS et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, P∪B. L. N∩. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Lewis and Becher. The Court will serve the complaint against the remaining Defendants.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff is incarcerated in the Ionia Correctional Facility (ICF). In his *pro se* amended complaint (ECF No. 11), Plaintiff sues the following ICF employees: Captain (Unknown) Woods; Sergeant (Unknown) Conklin; Nurses Barbara Kronk, Kathy Sickler, Karen Gleason and Keith Sikemma; Nurse Supervisor Joann Bunting; Health Unit Manager Jody LeBarre; and Grievance Coordinators Clarice Lewis and L. Becher.

Plaintiff alleges that Defendants Woods and Conklin sprayed Prisoner Elie, who was in a nearby cell, with chemical agents. Before Defendants dispensed the chemical agents, Plaintiff asked to be removed from his cell because he was allergic to chemical agents and did not have good ventilation in his cell. According to Plaintiff, Defendants Woods and Conklin refused his request and Woods stated, "F*** you Gresham stop filing grievances and lawsuits I ain't pulling you out." (PageID.43.) Plaintiff alleges that when Defendants sprayed the chemical agents, he began to suffocate, passed out and hit his head. Defendants Sickler, Gleason and Kronk allegedly checked on Prisoner Elie after he was sprayed, but refused Plaintiff's request for treatment. Plaintiff alleges that each of the Defendant nurses stated, "You ain't got nothing coming Grasham because you file lawsuits and grievances." (PageID.43.) Plaintiff further alleges that while they were on rounds, he told Defendants Sikemma, Bunting and LeBarre that he was allergic to chemical agents and requested medical treatment and a medical detail requiring him to be removed from the area before chemical agents were used on other prisoners. Each of them allegedly responded that they would help Plaintiff if he stopped filing grievances and lawsuits.

Plaintiff contends that he filed grievances and grievance requests[1] concerning his exposure to chemical agents, but they were denied by Defendants Lewis and Becher in violation of his Eighth Amendment right against cruel and unusual punishment. In addition, Plaintiff asserts that the denial of his grievances and grievance requests constituted retaliation.

Plaintiff seeks injunctive relief, as well as $40 million in compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than

---

[1] It appears that Plaintiff was placed on modified access status. A prisoner who files an excessive number of grievances which are vague, duplicative, raise non-grievable issues, or contain prohibited language, or is found guilty of misconduct for filing an unfounded grievance, may be placed on "modified access" status, which limits his access to the grievance process. *See* Mich. Dep't of Corr. Policy Directive 03.02.130(HH)(eff. July 9, 2007). While on modified access, the prisoner may obtain grievance forms only through the Step I Grievance Coordinator. A grievance form is provided if the Step I Grievance Coordinator determines that the issue the prisoner or parolee wishes to grieve is grievable and otherwise meets the criteria outlined in the grievance policy. *Id*. at (KK).

a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. **Defendants Lewis and Becher**

Plaintiff contends that Defendants Lewis and Becher violated his Eighth Amendment rights by denying his grievances and grievance requests concerning his exposure to chemical agents. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based

upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Lewis and Becher engaged in any active unconstitutional behavior with regard to Plaintiff's exposure to chemical agents. Accordingly, he fails to state an Eighth Amendment claim against them.

Plaintiff also contends that the denial of his grievances and grievance requests was retaliatory. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally protected conduct for which a prisoner cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Nevertheless, Plaintiff alleges no facts from which to reasonably infer that Defendants' actions were motivated by his protected conduct. It is well recognized that "retaliation" is easy to

allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (C.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Skinner v. Bolden*, 89 F. App'x 579, 579-80 (6th Cir. 2004) (without more, conclusory allegations of temporal proximity are not sufficient to show a retaliatory motive). Plaintiff merely alleges the ultimate fact of retaliation in this action. He has not presented any facts to support his conclusion that Defendants retaliated against him because he filed grievances and/or requests to file grievances. Furthermore, the Sixth Circuit repeatedly has held that placement on modified access does not constitute an adverse action for purposes of a retaliation claim. *See, e.g., Jackson v. Madery*, 158 F. App'x 656, 660 (6th Cir. 2005) (per curiam); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005). Accordingly, Plaintiff's speculative allegation fails to state a claim.

Because Plaintiff fails to state a claim against Defendants Lewis and Becher, they will be dismissed from this action.

      B. **Defendants Woods, Conklin, Kronk, Sickler, Gleason, Sikemma, Bunting and LeBarre**

At this stage of the proceedings, the Court finds that Plaintiff states one or more claims against the remaining Defendants.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Lewis and Becher will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Defendants Woods, Conklin, Kronk, Sickler, Gleason, Sikemma, Bunting and LeBarre.

An Order consistent with this Opinion will be entered.


Dated:  March 18, 2016                             /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge