UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GRESHAM #272603,

    Plaintiff,

v.                                                                                          Hon. Paul L. Maloney

KEVIN WOOD, et al.,                                                      Case No. 1:15-cv-01065-PLM-PJG

    Defendants.
_____/

**OPINION REGARDING ORDER TO VACATE LEAVE
TO PROCEED *IN FORMA PAUPERIS* – THREE STRIKES**

On October 13, 2015, plaintiff Michael Gresham, a prisoner incarcerated at Ionia Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). On that same date, plaintiff filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2). That motion was granted on November 2, 2015. (ECF No. 4). The undersigned judicial officer was unaware at the time that plaintiff was a frequent litigant subject to the "three-strikes" rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). Accordingly, the Order granted the motion without addressing whether plaintiff's case falls within the "imminent danger" exception to that rule. (*See* ECF No. 4).

Defendants have moved to revoke plaintiff's *in forma pauperis* status, noting that plaintiff is subject to the "three-strikes" rule and arguing that his complaint fails to meet the requirements of the "imminent danger of serious injury" exception to that rule. (Defs' Br. at 2-4, ECF No. 27, PageID.76-78). Defendants are correct. Accordingly, their motion will be granted; the Court's order granting *in forma pauperis* status will be vacated; and plaintiff's motion for leave to proceed *in forma pauperis* will be denied.

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996) amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit noted, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress enacted provisions to encourage a prisoner to "stop and think" before filing a complaint. *Id.* One of those provisions – commonly referred to as the "three-strikes" rule – prohibits a prisoner from proceeding *in forma pauperis* if the prisoner has repeatedly filed meritless lawsuits. That provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has been a repetitive litigant in the federal courts in Michigan, having filed more than forty civil actions. In at least eight of those cases, his claims were dismissed as frivolous, malicious, or failing to state a claim. *See Gresham v. Caruso et al.*, No. 2:10-cv-196 (W.D. Mich. Oct. 27, 2011); *Gresham et al. v. Canlis et al.*, No. 2:11-cv-179 (W.D. Mich. July 29, 2011); *Gresham v. Paine et al.*, No. 1:10-cv-1146 (W.D. Mich. Mar. 8, 2011); *Gresham v. Caruso et al.*, No. 1:10-cv-1038 (W.D. Mich. Jan. 26, 2011); *Gresham v. Wolak et al.*, No. 2:10-cv- 239 (W.D. Mich. July 25, 2011); *Gresham v. Verville et al.*, No. 2:10-cv-198 (W.D.

Mich. Jan. 19, 2011); *Gresham v. Caruso et al.*, No. 2:10-cv-195 (W.D. Mich. Apr. 11, 2011); *Gresham v. Mich. Dep't of Corr. et al.*, No. 2:07-cv-241 (W.D. Mich. June 9, 2008). Plaintiff also has been denied leave to proceed *in forma pauperis* in at least 18 cases. *See Gresham v. Christiansen, et al.*, No. 1:16-cv-428 (W.D. Mich. May 13, 2016); *Gresham v. Austin et al.*, No. 2:16-cv-71 (W.D. Mich. May 2, 2016); *Gresham et al. v. Yunker et al.*, No. 2:13-cv-221 (W.D. Mich. Aug. 29, 2013); *Gresham v. Nader et al.*, 2:13-cv-212 (W.D. Mich. July 22, 2013); *Gresham et al. v. Napel et al.*, No. 2:13-cv-176 (W.D. Mich. June 12, 2013); *Gresham v. Prelesnik et al.*, No. 1:12-cv-276 (W.D. Mich. July 2, 2012); *Gresham v. Czop et al.*, No. 1:12-cv-494 (W.D. Mich. June 18, 2012); *Gresham v. Heyns et al.*, No. 1:12-cv-277 (W.D. Mich. Apr. 11, 2012); *Gresham v. Snyder et al.*, No. 1:12-cv-143 (W.D. Mich. Mar. 6, 2012); *Gresham v. Mutschler et al.*, No. 2:12-cv-12 (W.D. Mich. Apr. 20, 2012); *Gresham v. Snyder et al.*, No. 2:12-cv-22 (W.D. Mich. Mar. 30, 2012); *Gresham v. Mutschler et al.*, No. 2:12-cv-9 (W.D. Mich. Feb. 10, 2012); *Gresham v. Snyder et al.*, No. 2:12-cv-5 (W.D. Mich. Jan. 27, 2012); *Gresham v. Violetta et al.*, No. 2:12-cv-24 (W.D. Mich. Feb. 6, 2012); *Gresham v. Dahl et al.*, No. 2:12-cv-21 (W.D. Mich. Feb. 6, 2012); *Gresham v. Napel et al.*, No. 2:11-cv-520 (W.D. Mich. Feb. 6, 2012); *Gresham v. LaChance et al.*, No. 2:11-cv-231 (W.D. Mich. June 24, 2011); *Dennis et al v. Canlis et al.*, No. 2:11-cv-186 (W.D. Mich. June 6, 2011).

Plaintiff's complaint in this action fails to meet the requirements for the "imminent danger of serious physical injury" exception. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the requirements for this exception:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*.

Accordingly, in order to fall within this exception, plaintiff must allege facts in his complaint, which, if true, would be sufficient for the Court to reasonably conclude that he was under an existing danger *at the time he filed his complaint*. *Id.* In this case, however, plaintiff alleges that, on August 19, 2015, he had an allergic reaction to a chemical agent sprayed on other inmates, and that he was denied medical treatment. (Complaint, ECF No. 1, PageID.3-4).

Assuming the allegations are true, the incident occurred nearly two months prior to the filing of his complaint. While plaintiff appears to suggest that he remains in danger (*see id.*, PageID.4), he fails to allege sufficient facts to support a reasonable conclusion that he is in danger of serious bodily injury, much less that it is imminent. Those, along with his conclusory statements in his opposition to defendant's motion to revoke *in forma pauperis* status (*see* Pltf's Resp. at 2-4, ECF No. 34, PageID.109-11), are manifestly insufficient to support a reasonable inference that plaintiff is in imminent danger of serious physical injury within the meaning of the PLRA.

Accordingly, Section 1915(g) prohibits plaintiff from proceeding *in forma pauperis* in this case. Plaintiff will be given 28 days from the entry of this Opinion and accompanying Order to pay the entire civil action filing fee of $400.00. If plaintiff pays the filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If plaintiff fails to pay the entire filing fee within the 28-day period, his case will be dismissed without prejudice, but he will remain obligated to pay the $400.00 filing fee.

Date:  June 25, 2016               /s/ Phillip J. Green
                                   PHILLIP J. GREEN
                                   United States Magistrate Judge